IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TINA MARIE EMERSON, | * | |
| ADC #710724 | * | |
|     Plaintiff, | * | |
| v. | * | |
| | * | |
| STATE OF ARKANSAS, | * | No. 4:11-cv-00220-JMM-JJV |
| | * | |
|     Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Tina Marie Emerson, a state inmate at the McPherson Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action, alleging constitutional violations against the State of Arkansas. Having reviewed the Complaint, the Court finds that this case should be dismissed because the State of Arkansas is immune from liability and because Plaintiff has failed to state a claim upon which relief may be granted.

**I.     SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.   ANALYSIS**

Suits against a state are barred by the Eleventh Amendment, unless the state has consented to being sued. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); see also *Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437, 1438 (8th Cir. 1996) (the State of Arkansas is protected from § 1983 liability by Eleventh Amendment immunity).

In addition, because Plaintiff seeks restoration of "good time credits," (Doc. No. 2, p. 5 of 60), her claims should be dismissed pursuant to *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment in favor of Plaintiff in this 42 U.S.C. § 1983 action would necessarily implicate the invalidity of her disciplinary conviction, and no claims for damages can be awarded unless this conviction is reversed, expunged, or called into question by a state tribunal or federal court.

The United States Court of Appeals for the Eighth Circuit first applied this principle in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).[1] In *Sheldon*, the prisoner "mailed a letter to an inmate-produced publication at another prison. In the letter's postscript, Sheldon had written, "We have your [expletive] warden Thomas E. Hundley, ... you could have kept him." *Id.* at 232. Prison officials seized the letter, convicted Sheldon, and sentenced him to fifteen days of disciplinary detention and lost sixteen days of good conduct time. *Id.* Sheldon filed a §1983 action claiming the prison officials involved in his disciplinary proceeding had violated his First Amendment rights. The district court dismissed Sheldon's case and, on appeal, the United States Court of Appeals for the Eighth Circuit affirmed the dismissal pursuant to the Supreme Court's holding in *Heck*. The court held, "a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." *Id*. In so holding, the Eighth Circuit stated that *Heck* "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." *Id*. at 233, *citing Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996).

The Eighth Circuit Court of Appeals also rejected Sheldon's argument that *Heck* only barred restoration of his good time credit and not his separate claim for monetary damages. *Id.* The court determined that Sheldon's First Amendment claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence." *Id*. at 234. Thus, Sheldon's § 1983 civil rights action was premature "until

---

[1] The decision of the Eighth Circuit Court of Appeals in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996) preceded the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997), by one year. However, the *Sheldon* court correctly anticipated the Supreme Court's subsequent opinion in *Edwards*, and employed reasoning that was later validated by *Edwards.*

the state or a federal habeas court has invalidated the disciplinary result." *Id.* at 233, citing *Miller v. Indiana Dep't of Corrections*, *supra* at 331, and *Heck v. Humphrey, supra* at 489.  Hence, the dismissal was "one without prejudice to permit Sheldon to refile the action if the state or a federal habeas court invalidates the disciplinary ruling." *Id.*

The United States Court of Appeals for the Eighth Circuit reiterated this analysis more recently in *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  Prison officials convicted Portley-El in a prison disciplinary proceeding, and sentenced him to 30 days in segregation, plus forfeiture of 45 days of good time credit. *Id.* at 1064.  He filed a § 1983 civil rights action claiming violations of his due process and equal protection rights during the course of his disciplinary proceeding.  As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification... and money damages." *Id.* at 1064-1065.  On appeal, the Eighth Circuit Court of Appeals concluded the district court had properly dismissed plaintiff's claim for restoration of his good time credit. *Id.* at 1066, citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973), and *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), *cert. denied*, 502 U.S. 899 (1991). The Court further affirmed the dismissal of plaintiff's claims for money damages, observing that:

> Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d at 233. Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Id.* at 1067 [footnote omitted] (quoting *Edwards v. Balisok*, *supra* at 486).

Portley-El argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.*  However, the Court rejected this distinction as irrelevant and held, "[t]he rule in

*Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id.*, quoting *Heck v. Humphrey, supra* at 486. The *Portley-El* court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id*. Instead, proper inquiry is whether or not the plaintiff's claims, if proven, "would necessarily . . . render the disciplinary result invalid, including the loss of good time credits." *Id*. (citing *Edwards v. Balisok, supra* at 647).

Here, Plaintiff seeks a judgment which would invalidate the results of the disciplinary proceeding, restore her class status, and restore her good time credit. The claim is barred by the United States Supreme Court's decision in *Preiser v. Rodriguez,* 411 U.S. 475 (1973), which held that a habeas proceeding is the exclusive remedy for challenging the duration of a prison term. *See also Portley-El v. Brill, supra* at 1066 ("[T]he Court held in *Preiser* that habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding.").

For these reasons, the Court recommends that Plaintiff's Complaint be dismissed, pursuant to Titles 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. § 1915(e)(2)(B)(ii), and that dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).[2] As a consequence, it is further recommended that all pending motions be denied as moot.

---

[2] Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

**III.    CONCLUSION**

IT IS, THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    All pending motions be denied as moot.

3.    Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(G).[3]

IT IS SO RECOMMENDED this 28th day of March, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).